HEIRS OF BERNARDO SOTO ET AL., Plaintiffs and Appellees, v. IGNACIO VARGAS ET AL., Defendants; MARÍA VÉLEZ, Defendant and Appellant.

No. 8387. Argued March 13, 1942.—Decided April 8, 1942.

*Villamil & Santana Becerra* and *Pedro Juan Alcalá* for appellant.
*Brown, González & Newsom,* and *Carlos J. Faure* for appellees.

Mr. Justice Snyder delivered the opinion of the court.

This is a suit by the heirs of Bernardo Soto Cruz to establish the nonexistence of two contracts and for revindication involving two properties. The district court granted the relief prayed for as to one of the properties, and denied it as to the other property. María Vélez, one of the defendants, has appealed from the judgment insofar as it granted the relief prayed for.

The opinion and judgment of the district court reads in part as follows:

"From a document introduced by the plaintiffs, it appears proven that on May 31, 1931, Bernardo Soto purchased from Ignacio Vargas a small rural property containing 17 *cuerdas* more or less, in the ward of Quebrada, Camuy. At that time Soto was already married to his second wife María Sánchez Román, otherwise called María Sindo Román, with whom he contracted marriage on March 24, 1926.

"Bernardo Soto was separated from his wife, and he lived in concubinage with the defendant María Vélez until his death, which occurred in September 1936.

"On or about February 2, 1933, Ignacio Vargas, together with his wife, executed a deed in favor of María Vélez Ramos, the concubine of Bernardo Soto, whereby he apparently transferred to her the same property that Soto had acquired from the said Vargas in the year 1931. It is logical to infer that he desired to put in favor of the concubine with whom he lived the title to the property which he had owned for several years, and that the contract therefore was simulated."

The appellant contends that (*a*) the document of May 31, 1931, whereby Ignacio Vargas sold the farm in question to Bernardo Soto was not properly identified; (*b*) there is no evidence that Soto was ever in sole possession of the farm as exclusive owner; (*c*) there is no evidence that María Vélez was insolvent; (*d*) there is no evidence of a scheme among Bernardo Soto, Mr. and Mrs. Ignacio Vargas and

María Vélez to deprive the heirs of Bernardo Soto of their rights.

■ Contentions (*b*), (*c*) and (*d*) are without basis. The widow of Bernardo Soto testified as to the possession, ownership and cultivation of the farm by Bernardo Soto, and the district court apparently believed her testimony. And if the purported sale by Vargas to María Vélez in 1933 is established by other adequate evidence as a simulated sale, the alleged lack of proof of insolvency of María Vélez or participation of others in the scheme becomes immaterial.

■ The district court likewise did not err in admitting the document of May 31, 1931 and in attaching decisive importance to it. Marcelino Torres, a witness to the document, in spite of the fact that his testimony was evasive and contradictory, finally admitted that he had been a witness to its execution. He kept insisting that Ignacio Vargas had actually sold the land to María Vélez, but the court did not believe this part of his testimony and the court was wholly justified in so doing. Although somebody had obviously tampered with this witness, the conclusion is inescapable that in 1931 he witnessed the execution of a document in which Vargas sold the property in question to Bernardo Soto. This was the same document which José Córdova Rivera, an attorney, testified had been given to him by the district attorney, who had found it in the trunk of Bernardo Soto while investigating the killing of Soto.

■■ The appellant argues that the deed of 1933 can not be assailed because of the presumptions found in paragraphs 19, 27, 32 and 38 of §464 of the Code of Civil Procedure. He points particularly to the presumption found in paragraph 38 "That there was a good and sufficient consideration for a written contract." But these presumptions, as §464 itself states, are "disputable presumptions and may be controverted by other evidence." That is exactly what occurred here. The testimony was that Soto left his wife and the ap-

pellant became his mistress. Thereafter, by a private document Soto purchased the farm in question. Whereupon the same vendors, two years later, purported to sell to the mistress the same property. Soto himself, according to the testimony, was present at the execution of the later deed, although he did not sign as a witness. The district court was justified under those circumstances in finding that the public deed of 1933 from Vargas to María Vélez was a simulated contract. See *Rivera* v. *Heirs of Caraballo,* 56 P.R.R. 705; *González et al.* v. *Fumero et al.,* 38 P.R.R. 497.

The judgment of the district court will be affirmed.

Mr. Justice Travieso did not participate herein.